# CRIMINAL COMPLAINT

| UNITED STATES DISTRICT COURT | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|

| UNITED STATES OF AMERICA<br>v.<br><br>JOSE DE JESUS SANTOS ACOSTA | DOCKET NO.<br><br>MAGISTRATE'S CASE NO.  **07-0142M** |
|---|---|

Complaint for violation of Title 8, United States Code §§ 1326(a), (b)(2): Illegal Alien Found in the United States Following Deportation.

| NAME OF MAGISTRATE JUDGE<br><br>**HON. ANDREW J. WISTRICH** | UNITED STATES<br>MAGISTRATE JUDGE | LOCATION<br><br>Los Angeles, CA |
|---|---|---|

| DATE OF OFFENSE<br><br>January 24, 2007 | PLACE OF OFFENSE<br><br>Los Angeles County | ADDRESS OF ACCUSED (IF KNOWN) | |
|---|---|---|---|

COMPLAINANT'S STATEMENT OF FACTS CONSTITUTING THE OFFENSE OR VIOLATION :

On or about January 24, 2007, defendant JOSE DE JESUS SANTOS ACOSTA, an alien who had been officially removed from the United States on or about October 20, 1995, July 21, 1998, November 30, 1999, July 29, 2002, and June 9, 2004, was found in Los Angeles County, within the Central District of California, after knowingly and voluntarily re-entering and remaining in the United States without having obtained permission from the Attorney General or his designated successor, the Secretary of the Department of Homeland Security, to reapply for admission to the United States following defendant's removal.

Defendant's previously alleged deportations and removals from the United States occurred subsequent to defendant's convictions for one or more of the following aggravated felonies: (1) Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code, Section 11378, on or about May 15, 2000, in the Superior Court of California, County of Los Angeles, Case Number KA048386, a drug trafficking offense, for which defendant was sentenced to one year and four months imprisonment; and (2) Possession for Sale of Heroin, in violation of California Health and Safety Code, Section 11351, on or about July 17, 1997, in the Superior Court of California, County of Los Angeles, Case Number KA035726, a drug trafficking offense, for which defendant was sentenced to three years imprisonment.

BASIS OF COMPLAINANT'S CHARGE AGAINST THE ACCUSED:
(See attached affidavit which is incorporated as part of this Complaint)

FILED
CLERK, U.S. DISTRICT COURT

FEB - 1 2007

CENTRAL DISTRICT OF CALIFORNIA
BY     DEPUTY

MATERIAL WITNESSES IN RELATION TO THIS CHARGE

| Being duly sworn, I declare that the foregoing is true and correct to the best of my knowledge. | SIGNATURE OF COMPLAINANT<br><br>STEPHEN H. LaROCCA |
|---|---|
| | OFFICIAL TITLE<br><br>Deportation Officer - ICE |

Sworn to before me and subscribed in my presence,

| SIGNATURE OF MAGISTRATE JUDGE(1) | DATE<br><br>February 1, 2007 |
|---|---|

1) See Federal Rules of Criminal Procedure rules 3 and 54.

AUSA: JULIE J. SHEMITZ     REC: DETENTION

A F F I D A V I T

I, Stephen H. LaRocca, being duly sworn, do hereby depose and say:

1.    I am a Deportation Officer ("DO") with the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE").  I have been a DO with ICE, formerly known as the Immigration and Naturalization Service ("INS") since December of 2006.  I am currently assigned to the Los Angeles Detention and Removal Operation Unit.  Prior to working for ICE, I worked as a Detention Enforcement Officer with the INS since May of 1998.

2.    This affidavit is made in support of a criminal complaint against Jose De Jesus Santos Acosta ("Santos"), charging him with a violation of Title 8, United States Code, Section 1326, Illegal Alien Found in the United States Following Deportation.  The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses.  This affidavit is intended to show that there is probable cause for the requested complaint and does not purport to set forth all of my knowledge of, or investigation into this matter.

3.    On January 24, 2007, DO Aurelio Garcia notified me that Santos, a previously deported criminal alien, was present in the

United States and in the custody of the ICE Los Angeles Branch. Based on this notification, I undertook the present investigation of Santos.

4.   Based on my training and experience, I know that a United States Department of Homeland Security ("DHS") "A-File" is a file maintained by the DHS in which all immigration records are maintained for aliens admitted to or found in the United States and that a DHS A-File usually contains photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by the DHS with respect to the subject alien for whom the DHS A-File is maintained.

5.   On January 24, 2007, I obtained and reviewed DHS A-File A35-790-988, which is maintained for the subject alien "Jose De Jesus Santos Acosta" (SANTOS).  The A-File contained the following documents and information:

a.   Photographs of the alien subject to whom DHS A-File A35-790-988 corresponds.  These photographs depict SANTOS, whom I personally observed on January 24, 2007 while in ICE custody.  I thus determined that DHS A-File A35-790-988 and its contents correspond to SANTOS.

b.   Five (5) executed Warrants of Removal/Deportation indicating that SANTOS was officially removed and deported from the United States on June 9, 2004, July 29, 2002, November 30,

2

1999, July 21, 1998, and October 20, 1995.  I know from my training and experience that a Warrant of Removal/Deportation is executed each time a subject alien is removed and deported from the United States by the ICE (and its predecessor agency, the INS) and usually contains the subject's photograph, signature, and/or fingerprints.  The executed Warrant of Removal/Deportation in SANTOS's A-File contains his fingerprint and signature, or his photograph, fingerprint, and signature.

c.    A certified copy of conviction record showing that SANTOS was convicted on May 15, 2000, of One Count of Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11378, in the Superior Court of California, County of Los Angeles, Case Number KA048386, for which SANTOS was sentenced to one year and four months imprisonment.  The certified conviction record also reflects that SANTOS was convicted for an enhancement under California Penal Code 12022(C) for which SANTOS was sentenced to an additional term of three years imprisonment.

d.    A certified copy of conviction record showing that SANTOS was convicted on July 17, 1997, of One Count of Possession for Sale of Heroin, in violation of California Health and Safety Code 11351, in the Superior Court of the State of California, County of Los Angeles, Case Number KA035726, for which SANTOS was

3

sentenced to a total term of three years imprisonment.

e.    A certified copy of conviction record showing that SANTOS was convicted on September 20, 1994, of One Count of Possession of Methamphetamine, in violation of California Health and Safety Code Section 11377(a), in the Superior Court of California, County of Los Angeles, Case number KA024336, for which SANTOS was sentenced to two years imprisonment.

f.    A certified copy of the conviction record showing that SANTOS was convicted on September 12, 1991, of Unlawful Driving or Taking of a Vehicle, in violation of California Vehicle Code Section 10851(a), Case number KA0099838, for which SANTOS was sentenced to three years imprisonment.  A certified copy of the conviction record showing that SANTOS was convicted on October 1, 1991, of Possession of Cocaine, in violation of California Health and Safety Code 11350(a), Case number KA009973, for which SANTOS served a concurrent sentence of two years.  A certified copy of the conviction record showing that SANTOS was convicted on April 28, 1992, of being a Felon in Possession of a Firearm, in violation of California Penal Code 12021(a), Case number KA012753, for which SANTOS served a concurrent sentence of one year and four months.

6.    On January 24, 2007, I reviewed the printouts of the California Identification Index ("CII").  Based on my training

and experience, I know that the CII database tracks and records arrests and convictions of individuals according to an individual's CII number. I determined that the CII printouts confirmed that SANTOS had been convicted of the crimes reflected in the records of conviction contained in SANTOS's DHS A-File described above.

7. On January 24, 2007, I reviewed the printouts of ICE computer indices on SANTOS. Based on my training and experience, I know that the ICE computer indices track and document each time an alien is deported from the United States by ICE or is granted permission to enter or re-enter the United States. Based on my review of the printouts, I know that the ICE computer indices confirmed that SANTOS had been removed and deported on the dates indicated on the Warrants of Removal/Deportation found in SANTOS's DHS A-File. The ICE computer indices further indicated that SANTOS had not applied for or obtained permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to re-enter the United States legally since SANTOS had last been deported.

8. Based on my review of SANTOS's DHS A-File, I determined that his A-File does not contain any record of him ever applying for, or receiving permission from, the Attorney General of the

5

United States or his designated successor, the Secretary of the Department of Homeland Security, to legally re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in SANTOS's DHS A-File.

9. Based on my review of the contents of DHS A-File A35-790-988, in particular the Warrants of Removal/Deportation indicating that SANTOS had been removed and deported to Mexico on five occasions, and my training and experience, I determined that SANTOS is an alien, that is, a citizen of Mexico, who has illegally re-entered the United States without permission.

10. Based on the foregoing facts, I believe that there is probable cause to believe that SANTOS has violated Title 8, United States Code, Section 1326, Illegal Alien Found in the United States Following Deportation.

Stephen H. LaRocca
Deportation Officer - ICE

Subscribed and sworn to before me

on this __1__ day of __Feb.__ 2007.

UNITED STATES MAGISTRATE JUDGE

6